IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| CELL Film Holdings, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 5:16-cv-00065 |
| v. ) | |
| ) | By: Elizabeth K. Dillon |
| DOES 1–13, ) | United States District Judge |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION**

In this copyright-infringement case, plaintiff CELL Film Holdings, LLC (CELL) claims that defendants Does 1–13 illegally downloaded copies of the film *Cell* using a file-sharing service known as BitTorrent. At the time of filing, CELL did not know the defendants' true identities; it knew only their internet protocol addresses (a series of numbers assigned to each internet subscriber), internet service providers, and service locations. Hence, the court allowed CELL to conduct expedited discovery and serve subpoenas on the internet service providers, requesting documents containing the defendants' identifying information.

Proceeding *pro se*, an individual who claims to be a defendant, but does not identify himself or herself in the filing or provide a return address ("Unidentified John Doe"), has filed a motion to quash or vacate the subpoena served on his internet service provider.[1] (Dkt. No. 10.) As CELL notes in its memorandum in opposition (Dkt. No. 11), there are some notable deficiencies in the motion. For example, while the movant purports to represent "Does 1–25," there are only 13 Doe defendants in this case, and regardless, he may not represent other parties. Also, the movant's failure to identify himself violates Rule 11(a). In other similar cases, courts have allowed a Doe to move to quash a subpoena anonymously, but have required the individual to provide, ex parte, a

---
[1] The motion is scant on details, but the complaint has not yet been amended to include identifying information for any defendant. So the court does not think Unidentified John Doe is seeking to quash a subpoena directed *to him*.

name and current address to the clerk of the court so that he could be given notice of necessary filings. *See, e.g.*, *Malibu Media v. Doe*, No. GJH-15-2918, 2016 WL 1562903, at *1 (D. Md. Apr. 18, 2016). Indeed, if Unidentified John Doe wants to receive notices of future filings in this case, he should file such an ex parte notice with the clerk, which will not be disclosed to CELL. In the meantime, rather than deny Unidentified John Doe's motion due to a failure to identify himself, the court will deny the motion on its merits.[2]

Federal Rule of Civil Procedure 45 governs third-party subpoenas. In pertinent part, it provides:

> (3) *Quashing or Modifying a Subpoena.*
>
> (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
>
>> (i) fails to allow a reasonable time to comply;
>>
>> (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
>>
>> (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
>>
>> (iv) subjects a person to undue burden.
>
> (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
>
>> (i) disclosing a trade secret or other confidential research, development, or commercial information; or
>>
>> (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

Fed. R. Civ. P. 45(d)(3).

---

[2] The court does not believe that an oral hearing would be helpful in deciding Unidentified John Doe's motion. It thus rules without one. *See* Fed. R. Civ. P. 78(a); W.D. Va. Civ. R. 11(b).

Unidentified John Doe does not raise any of the concerns listed in Rule 45(d)(3) in support of his motion to quash the subpoena served on his internet service provider. (Mot. to Quash, Dkt. No. 10.) Nor does he challenge the relevancy of the requested documents. (*Id.*) Instead, he makes the following unsworn assertions, all of which go to the merits of CELL's claim: (1) he has "no knowledge that any copyright infringement was taking place"; (2) he has "never loaded or downloaded any type of copyrighted material"; and (3) he has a "monitoring security program" on his computer now to "avoid any future issues." (*Id.*)

Although these assertions might be true, they are not grounds for quashing or vacating an otherwise proper subpoena. "It is well-settled that such general denials of liability cannot serve as a basis for quashing a subpoena." *First Time Videos, LLC v. Does 1–76*, 276 F.R.D. 254, 256 (N.D. Ill. 2011); *accord Malibu Media, LLC*, No. GJH-15-3192, 2016 WL 1562903, at *3; *Voltage Pictures, LLC v. Doe*, 818 F. Supp. 2d 28, 35 (D.D.C. 2011). If Unidentified John Doe is later identified by CELL as a party defendant, then he will be given an opportunity to challenge the claim against him. But now is not the time for him to do so. The court permitted CELL to serve a subpoena on Unidentified John Doe's internet service provider, and Unidentified John Doe has not identified any valid reason why that subpoena should be quashed or vacated. Accordingly, the court will deny the motion.

An appropriate order will follow.

Entered: December 13, 2016.

*/s/ Elizabeth K. Dillon*
Elizabeth K. Dillon
United States District Judge